IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDRES GOMEZ<br><br>Plaintiff,<br><br>v.<br><br>TD BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | CIVIL ACTION NO. 1:18-CV-20237 |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant TD Bank, N. A., ("*TD Bank*"), moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint (the "*Complaint*"). The Complaint should be dismissed with prejudice for two reasons:

*First*, as this Court recently held in dismissing an almost identical complaint by this Plaintiff, websites *are not* places of "public accommodation" under the Americans with Disabilities Act ("*ADA*"); *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-CV-23801, 2017 WL 1957182, at *1, 3 and 4 (S.D. Fla. Feb. 2, 2017); and

*Second*, Plaintiff fails to plead any facts showing that the alleged deficiencies in TD Bank's website impeded his access to a physical, retail location.

**I.    RELEVANT BACKGROUND**

Plaintiff Andres Gomez ("*Gomez*") is a blind individual *who has filed almost 400 cases since 2012* alleging violations of the ADA. *See* Bloomberg Litigation Docket Summary Attached as Exhibit A. For example, in September of 2016 Mr. Gomez filed a nearly identical

**DUANE MORRIS LLP**
200 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

DM1\8505547.1

complaint in this Court against Bang & Olufsen America, Inc. ("**B&O**") and he alleged that B&O's website violated the ADA. *See Gomez v. Bang & Olufsen America, Inc.*, No. 1:16-cv-23801. The Court dismissed those claims holding that a website alone is not a place of public accommodation under the ADA. *Gomez v. Bang & Olufsen Am., Inc.*, 2017 WL 1957182, at * 4 (S.D. Fla. Feb. 2, 2017). This case is no different.

Here, Gomez alleges, without specifics, that he visited TD Bank's website, that TD Bank's website did not properly interact with his screen reader software or other assistive technologies, and that as a result he will continue to be denied full and equal access to the website and related brick and mortar locations. Complaint at ¶ ¶ 3, 6 and 7. But Gomez does not allege any facts showing that he ever visited a TD Bank retail location or facts showing that the alleged deficiencies in TD Bank's website in any way impeded his access to TD Bank's retail locations. Instead, Gomez relies entirely on conclusory allegations.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     The Complaint Fails to Allege Facts That Plausibly Show a Violation of The ADA.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ovesen v. Scandinavian Boiler Serv., Inc.*, No. 11-61300-CIV, 2011 WL 3510586, at *2 (S.D. Fla. Aug. 8, 2011) (Altonga, J.). "A pleading that asserts mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Haynes v. Interbond Corp. of Am.*, No. 17-CIV-61074, 2017 WL 4863085, at *3 (S.D. Fla. Oct. 16, 2017) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[A]nd the allegations must include 'more than an unadorned, the-defendant-unlawfully-harmed-me-accusation.'" *Gomez v. Bang & Olufsen Am., Inc.*, 2017 WL 1957182, at *1 (citing *Iqbal* 556 U.S. at 678).

> **B.    TD Bank's Website is Not a Place of Public Accommodations Under The ADA.**

"To state a claim for relief under the ADA an individual must allege and establish that:

(1) [he] is disabled within the meaning of the ADA;

(2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and

(3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Gomez v. Bang & Olufsen Am.,* (citing *Steelman v. Florida*, No. 6:13-CV-123-ORL-36, 2013 WL 1104746, at *1 (M.D. Fla. Feb. 19, 2013), report and recommendation adopted, No. 6:13-CV-123-ORL-36, 2013 WL 1104256 (M.D. Fla. Mar. 18, 2013) (quoting *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010))). The ADA expressly lists twelve categories of "public accommodations":

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
>
> (B) a restaurant, bar, or other establishment serving food or drink;
>
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
>
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

(G) a terminal, depot, or other station used for specified public transportation;

(H) a museum, library, gallery, or other place of public display or collection;

(I) a park, zoo, amusement park, or other place of recreation;

(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and

(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7)(A)-(L); *Gomez v. Bang & Olufsen*, No. 2017 WL 1957182, at *2.

Significantly, websites are not included in the ADA list of "public accommodations".[1]

Moreover, as this Court noted in *Gomez v. Bang & Olufsen*, the majority of Courts that have addressed this issue have held that websites ***are not*** places of public accommodations under the ADA. *Id.* at * 3 ("While there is some disagreement amongst district courts on this question, it appears that the majority of courts agree that websites are not covered by the ADA unless some function on the website hinders the full use and enjoyment of a physical space.") (citing *Jancik v. Redbox Automated Retail, LLC*, No. SACV 13–1387–DOC (RNBx), 2014 WL 1920751, at *8–9

---

[1] "Although the ADA delegates authority to the Attorney General to issue regulations to carry out the provisions of Title III, *see id.* § 12186(b), rules concerning website accessibility have yet to be promulgated." *Haynes*, 2017 WL 4863085, at *4.

(C.D. Cal. May 14, 2014) (holding a website was not a place of public accommodation because it was not a physical place and there was not a sufficient nexus between the website and physical kiosks); *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012), aff'd, 600 Fed.Appx. 508, 509 (9th Cir. 2015) (holding that Netflix's website is unconnected to any physical, concrete retail establishment and is therefore not a public accommodation under the ADA); *Anderson v. Macy's Inc.*, No. 2:12-CV-00556, 2012 WL 3155717, at *4 (W.D. Pa. Aug. 2, 2012) ("Since a website is not a physical accommodation, the Title III claim against Macy's Online must be dismissed."); *Ouellette v. Viacom*, No. CV 10–133–M–DWM–JCL, 2011 WL 1882780, at *4–5 (D. Mont. Mar. 31, 2011) (holding a website by itself is not a physical place and the plaintiff did not allege a sufficient connection between the website and a physical structure); *Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1115 (N.D. Cal. 2011) (dismissing ADA claim against Facebook in part because "Facebook operates only in cyberspace, and is thus is not a 'place of public accommodation' as construed by the Ninth Circuit."); *Earll v. eBay, Inc.*, No. 5:11–CV–00262–JF HRL, 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011), aff'd, 599 Fed.Appx. 695, 696 (9th Cir. 2015) (holding that eBay's website is not a place of public accommodation under the ADA); *National Federation of the Blind v. Target Corporation*, 452 F.Supp.2d 946, 956 (N.D. Cal. 2006) (denying motion to dismiss and holding "that to the extent that plaintiffs allege that the inaccessibility of Target.com impedes the full and equal enjoyment of goods and services offered in [actual, physical] Target stores," the allegations stated a claim upon which relief could be granted); *Access Now, Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (granting defendant's motion to dismiss because plaintiff failed to establish a nexus between southwest.com and any restriction on the full enjoyment of a physical, concrete place of public accommodation); *see also, Haynes,* 2017 WL 4863085, at *5 (S.D. Fla. Oct. 16,

2017) ("In the absence of allegations that Plaintiff's inability to use BrandsMartUSA.com impedes his access to one of Defendant's physical locations."). Further, "[d]istrict courts within the Eleventh Circuit that have considered the question of whether websites are public accommodations have uniformly held that the ***ADA does not apply to a website that is wholly unconnected to a physical location***." *Gil v. Winn Dixies Stores, Inc.*, 242 F. Supp.3d 1315, 1320 (S.D. Fla. 2017) (citing *Gomez v. Bang & Olufsen Am. Inc.,* 2017 WL 1957182).[2]

Thus, Plaintiff's complaint fails, as a matter of law to the extent it relies on the classification of TD Bank's website as a place of "public accommodations" under the ADA. *Id*.

### C. Plaintiff Fails to Allege Any Facts Showing That Alleged Deficiencies in TD Bank's Website Impeded His Access to TD Bank's Retail Stores.

Because TD Bank's website is not a place of "public accommodations" under the ADA, Plaintiff must allege facts showing that the alleged deficiencies in the website impeded his access to retail stores. *Gomez*, 2017 WL 1957182, at *4 ("the ADA does not require places of public accommodations to create full-service websites for disabled persons. In fact, the ADA does not require a place of public accommodation to have a website at all.  All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store."); *Haynes*, 2017 WL 4863085, at *5 ("In the absence of allegations that Plaintiff's inability to use BrandsMartUSA.com impedes his access to one of Defendant's physical locations, the Amended Complaint must be dismissed.  Plaintiff fails to do so.

For example, Plaintiff never alleges that he ever went to a TD Bank retail store, let alone that his access to a TD Bank retail store was impeded by the alleged deficiencies in the TD Bank

---

[2] Emphasis added throughout unless indicated to the contrary.

website.  Further, Plaintiff never alleges any nexus between the TD Bank website and the TD Bank retail stores.  Instead, Plaintiff relies on threadbare conclusions, without supporting plausible facts, that "he intends to visit the website in conjunction with visit(s) to [TD Bank] brick and mortar banking locations in the future" and TD Bank's website must interact with brick and mortar locations.  Complaint at ¶ ¶ 4, 7.  This is insufficient.  *Haynes*, 2017 WL 4863085 at *5 (dismissing ADA website claim holding "[t]he balance of the Amended Complaint merely restates Title III's legal requirements along with offering a few threadbare assertions that Plaintiff will 'continue to attempt to utilize the website' and that he 'desires to access the website to avail himself of the benefits, advantages, goods and services therein.'").

Thus, Plaintiff fails to allege facts plausibly showing how any alleged deficiencies in TD Bank's website impeded his access to TD Bank retail stores and his Complaint must be dismissed.  *Gomez*, 2017 WL 1957182, at *4; *Haynes*, 2017 WL 4863085.

### III.     CONCLUSION

TD Bank respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety because:

- As this Court recently held in dismissing an almost identical complaint by this Plaintiff, websites *are not* places of "public accommodations" under the ADA; *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-CV-23801, 2017 WL 1957182, at *1, 3 -4 (S.D. Fla. Feb. 2, 2017); and

- Plaintiff fails to plead any facts showing that alleged deficiencies in TD Bank's website impeded his access to a physical, retail location.

Dated: March 5, 2018

**DUANE MORRIS, LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida  33131
Telephone:  215.979.1977
Facsimile:   215.689.4429

By:/s/ Kassia Fialkoff
    Kassia Fialkoff
    Florida Bar No. 117708
    kfialkoff@duanemorris.com
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2018 the foregoing Motion was electronically filed with the Clerk of the Court using CM/ECF, and a copy was served by via email to counsel of record for the Plaintiff.

/s/ Kassia Fialkoff
Kassia Fialkoff